UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
--------------------------------------------------------------------X
LOUIS MARANO,

                                                CLASS ACTION COMPLAINT

                    Plaintiff,

                                                  Civil Action No:

           -against-

AMERICAN ADJUSTMENT BUREAU, INC.,

                    Defendant.
--------------------------------------------------------------------X

        Plaintiff LOUIS MARANO (hereinafter, "Plaintiff"), a Connecticut resident, brings this class action complaint by and through his undersigned attorneys, against Defendant AMERICAN ADJUSTMENT BUREAU, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Connecticut consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Connecticut, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal office located at 73 Field St, Waterbury, CT 06702.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

  a. All Connecticut consumers who were sent collection letters from Defendant

attempting to collect an obligation owed to or allegedly owed to a third party, that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

b.  The Class period begins one year to the filing of this Action.

c.  The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   i.  Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received the identical or substantially identical letter from the Defendant that violate 15 U.S.C. §1692e, 15 U.S.C. §1692g, and 15 U.S.C. §1692f. Plaintiff is complaining of a boilerplate mass-produced letter that was issued to dozens, hundreds, or thousands of consumers, a copy of which is annexed as **Exhibit A**;

   ii.  There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   iii.  Whether Defendant violated various provisions of the FDCPA;

   iv.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

   v.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      vi.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to July 9, 2014 an obligation was allegedly incurred to Naugatuck Valley Enterology Associates ("NVEA").

14. The NVEA obligation arose out of a medical treatment in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged NVEA obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. NVEA is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

17. Defendant contends that the NVEA debt is past due.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

19. On or about July 9, 2014, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged NVEA debt. *See* **Exhibit A.**

20. The July 9, 2014 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

21. The July 9, 2014 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

22. The July 9, 2014 letter was sent in an envelope that contained a glassine window.

23. Visible through the glassine window was the Plaintiff's name, Plaintiff's address, and the Plaintiff's account number with the Defendant.

24. The account number constitutes personal identifying information.

25. The account number is not meaningless – it is a piece of information capable of identifying [the consumer] as a debtor, and its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. *Douglass v. Convergent Outsourcing*, 765 F. 3d 299 (Third Cir. 2014).

26. Upon opening the letter, the Plaintiff read the contents within.

27. The Defendant's letter enumerates two alleged debts. The first for Naugatuk Valley ENT for $281.38, and the second simply titled "Previous debts $456", without enumerating who the debt is for or what service.

28. The Defendant's Letter further demands a total due of $737.38.

29. The Defendant's July 9, 2014 Collection Letter was an Initial Communication with the Plaintiff and contained the required validation notice under 15 USC §1692g, informing the Plaintiff that he has 30 days to dispute the validity of the debt.

30. The Defendant further listed two trade lines on the Plaintiff's credit report both for an original creditor named Medical Payment Data. The first for $281 and the second for $110.

31. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

32. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

33. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of Connecticut within one year of the date of this Complaint.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e and 15 U.S.C. §1692f *et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

36. 15 USC §1692f preface prohibits a debt collector from utilizing any unfair or unconscionable means to collect a debt.

37. The Defendant violated 15 USC §1692 f preface by unfairly and unconscionably demanding that Plaintiff pay $456 for an alleged debt simply marked as "previous debts" without giving any of the required information concerning the alleged previous debts.

38. 15 USC §1692 e preface prohibits a debt collector from using any false, deceptive or misleading statements in connection with the collection of a debt.

39. The Defendant violated 15 USC §1692 e – preface by deceptively, falsely and misleadingly stating that there was previous debt for $456, which in fact does not exist or by deceptively not stating what the debt is for or to whom. Further, the Defendant falsely and deceptively lists the second debt on the Plaintiff's credit report as $110, and then falsely and deceptively lists the debt on the demand letter as $456 for a "previous debt"

40. 15 USC §1692 e(2)(a) prohibits a debt collector from falsely representing the character, amount, character, or legal status of any debt.

41. The Defendant violated 15 USC §1692e (2) (a) by falsely representing that either there was an additional debt or that the amount owed on such debt was $456 when in fact there is not.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44. Pursuant to 15 USC §1692g, a debt collector:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

(4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45. The Defendant violated 1692g by failing to accurately state the balance of the debt, where the Letter denotes a debt owing to Naugatuk Valley ENT for $281.38, and then additionally adds that there are "Previous debts $456", without enumerating who the debt is for or what service.

46. The Defendant violated 1692g by failing to accurately state the name of the creditor to whom the debt is owed, by simply stating "previous debts $456" without clarifying whether those debts are also due and owing to Naugatuk Valley ENT.

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. §1692f(8) *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50. Pursuant to 15 U.S.C. §1692f(8), a debt collector is prohibited from using any language or symbol, other than the debt collector's address, on any envelope when communicating with the consumer by use of mails.

51. The Defendant violated said section by putting the Plaintiff's account number visible on the July 9, 2014 letter.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.


**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 8, 2015

By: /s/ Roderick D. Woods, Esq.
Roderick D. Woods, Esq. (ct29447)
THE WOODS LAW FIRM, LLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Phone:    (860) 549-6275
Facsimile: (860) 371-3242

*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated: July 8, 2015                    /s/ Roderick D. Woods, Esq._____
Roderick D. Woods, Esq